

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable O. P. Lockhart, Chairman
Board of Insurance Commissioners
Austin, Texas

Dear Sir:

Opinion No. 0-4556
Re: Real estate as "security"
under Article 4720, Revised
Civil Statutes, 1925.

You request the opinion of this Department upon the question whether real estate, unencumbered or not, is a "security" under the provisions of Article 4720, Revised Civil Statutes, 1925.

Article 4720 provides;

"When the first meeting of the stockholders shall be held and the officers of the company elected, the president or secretary shall notify the Commissioner, and he shall thereupon immediately make, or cause to be made, at the expense of the company, a full and thorough examination thereof. If he finds that all of the capital stock of the company, amounting to not less than one hundred thousand dollars, has been fully paid up and is in the custody of the officers, either in cash or securities of the class in which such companies are authorized by this chapter to invest or loan their funds, he shall issue to such company a certificate of authority to transact such kind or kinds of insurance business within this State as such officers may apply for and as may be authorized by its charter; which certificate shall expire on the last day of February next after the date of its issuance. Before such certificate is issued, not less than two officers of such company shall execute and file with the Commissioner a sworn schedule of all the assets of the company exhibited to him upon such examination, showing the value thereof, together with

a sworn statement that the same are bona fide, the unconditional and unencumbered property of the company and are worth the amounts stated in such schedule. No original or first certificate of authority shall be granted, except in conformity herewith, regardless of the date of filing of the articles of incorporation with the Commissioner."

Your attention is directed to the fact that, by express statutory declaration, the Commissioners must find, as a condition precedent to the issuance of a certificate of authority to do business, that all of the capital stock of the company has been fully paid up and is in the custody of the officers, "either in cash or securities of the class in which such companies are authorized by this chapter to invest or loan their funds."

Article 4725 lists the "securities" in which a life insurance company organized under the laws of this State may invest or upon which it may loan its funds.

Article 4726 provides that such insurance companies may secure, hold and convey real property only for certain purposes and under certain circumstances.

Of course, real estate acquired by the company under the circumstances and for the purposes provided by Article 4726, is property which the company is authorized to own, just as it may own personal property, such as furniture and fixtures and office equipment and supplies, necessary to the transaction of its business. But "securities" is a term of more restricted meaning than "property," and Article 4720 expressly provides that the certificate of authority shall be issued only if it is found that the capital of the company is on hand in the form of cash or "securities" in which it is authorized to invest or loan its funds.

"Securities" are evidences of obligation for the payment of money. See Words and Phrases, Perm. Ed., Vol. 38, "Securities." In no proper sense can real property, encumbered or unencumbered, owned by the corporation be classed as a "security" under Article 4720.

It follows from what has been said that we agree with the conclusion expressed by Assistant Attorney General Vernon Coe in the opinion of this Department to which you refer, dated December 16, 1937.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Richard W. Fairchild*
R. W. Fairchild
Assistant

RWF:db

APPROVED JUN 2, 1942

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS